**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 08:53 AM February 28, 2017**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| KATHLEEN R. VANSICKLE, | ) | CASE NO. 15-60832 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Debtor seeks to voluntarily dismiss her chapter 13 case. Toby L. Rosen, the chapter 13 trustee ("Trustee") opposes the motion, arguing that it is in the best interest of the creditors to reconvert the case back to chapter 7.

28 U.S.C. § 1334 provides the statutory basis for subject matter jurisdiction of this case. This is a core matter under 28 U.S.C. § 157(b). Through General Order 2012-7, the United States District Court for the Northern District of Ohio conferred its jurisdiction to this court on April 4, 2012. Under 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# FACTS

Few facts are material to the present issue before the court. Debtor owns real estate at 102 East Main St. in Baltic, Ohio and lives on the second floor. On the first floor, she operates Baltic Bar and Grill. She filed a chapter 7 case on April 20, 2015 and claimed a homestead exemption in the property.

When Debtor learned that the chapter 7 trustee would close her business due to potential liability under Debtor's liquor license, Debtor converted her case to chapter 13. She confirmed a plan nearly a year later, on June 2, 2016, proposing a twenty-two percent (22%) distribution to creditors. Plan payments are $400.00 per month. Financial struggles led her to move to dismiss her case on January 20, 2017. She has not made a payment since September 2016. Trustee objects to dismissal, arguing for reconversion to chapter 7.

An appraisal commissioned by Trustee values real estate where the bar operates at $95,000.00. The Home Savings Loan Bank, which holds the first mortgage on the bar property, filed a claim for just under $46,000.00. Debtor claimed a homestead exemption of $17,740.00[1] under O.R.C. § 2329.66(A)(1). Creditors filed unsecured claims for over $100,000.00.

# DISCUSSION

Section 1307(b) gives a debtor an unfettered right to dismiss a case unless the case was previously converted. When dealing a converted case, § 1307(c) governs. It provides that a court may either convert the case or dismiss it, "whichever is in the best interests of creditors and the estate, for cause, including— . . .(6) material default by the debtor with respect to a term of a confirmed plan." A two-step analysis is required: first examine the existence of cause, then determine the best interest of the creditors and the estate. Nelson v. Meyer (In re Nelson), 343 B.R. 671 (B.A.P. 9th 2006); In re Figueroa, 2012 WL 1035903 (Bankr. D. Puerto Rico 2012); Neither party disputes that cause exists because Debtor has not made payments since September 2016.

This leaves the court to determine whether conversion or dismissal is in the best interest of creditors and the estate. Debtor opposes conversion, fearing she will lose the business and will not be able to survive on her social security alone. Unfortunately, "the statute does not instruct the bankruptcy court to consider the best interests of the debtor in deciding whether to dismiss a chapter 13 case." Brown v. Sobczak (In re Sobczak), 369 B.R. 512 (B.A.P. 9th 2007). Trustee urges the court to convert the case to allow the chapter 7 trustee to administer the assets for the benefit of creditors.

Since § 1112(b) also references the "best interest of the creditors" standard, some courts look to the latter provision for guidance. In re Soppick, 516 B.R. 733 (Bankr. E.D. Penn. 2014); In re Ferri, 2010 WL 1418147 (Bankr. D. N.M. 2010). Ferri cited the following considerations:

---

[1] This figure is based on Debtor's valuation of the property ($66,740.00) less the mortgage balance in Schedule D ($49,000.00).

2

> (1) whether some creditors received preferential payments, whether equality of distribution would be better served by conversion rather than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a "single asset,"; (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan has been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

Ferri, 2010 WL 1418147 at *3 (citing In re Helmers, 361 B.R. 190, 196-97 (Bankr. D. Kan. 2007) (quoting 7 Collier on Bankruptcy, ¶ 1112.04[6] (Alan N. Resnick and Henry J. Sommer, Eds. 15th ed. Rev. 2005))). Other courts suggest the "best interest" consideration involves comparison of the "creditors' interests in bankruptcy with those they would have under state law." In re Continental Holdings, 170 B.R. 919, 927 (citing Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.), 14 F.3d 240, 243 (4th Cir. 1994) (citation omitted)).

Regardless of the test employed, the record in this case supports conversion. According to the chapter 13 appraisal provided by The Charles G. Snyder Company, the real estate where the bar is located is worth $95,000.00. The Home Savings Loan Bank, which holds the first mortgage on the bar property, filed a claim for just under $46,000.00. Debtor claimed an exemption of $17,740.00. On paper, there is over $30,000.00 in equity, making a distribution to unsecured creditors likely if the case was converted and the asset liquidated.

Forcing the creditors to pursue state law remedies and subject them to possible dissipation of the equity in the real estate is not in their best interest for several reasons. In state law actions, the creditors would not share in the distribution. One creditor could obtain a judgment and record a lien, foreclosing recovery by other creditors. In chapter 7, the unsecured creditors can share equally in any distribution. Under state law, Debtor has two sources of income, the business and social security. The latter is only available under voluntary repayment, which Debtor appears unable to afford, making recovery unlikely.

Also, the court is particularly concerned by Debtor's inability or unwillingness to maintain business insurance, especially since she holds a liquor license. The chapter 13 closed the business

for a period of time for this reason and it is not clear Debtor has insurance in place now.

In Debtor's favor, there is no evidence she engaged in any misconduct. She is simply drowning in debt and has little income. Since Debtor is attempting to avoid liquidation and/or closure of her business in chapter 7 and has been unable to afford the chapter 13 payments, a subsequent case is unlikely. Unfortunately, however, "[u]nder § 1307(c) it is not the province of the court to shield a debtor from the consequences of his own actions, however unfortunate, at the expense of his creditors." Sobczak, 369 B.R. 512, 519.

The court will deny Debtor's motion to dismiss and grant Trustee's request to reconvert the case back to chapter 7 by order to be entered immediately.

#   #   #

**Service List:**

Kathleen R VanSickle
102 E. Main Street
Baltic, OH 43804

Rose M Fox
Fox Law Office
233 Main Street
Zanesville, OH 43701

Toby L. Rosen, Trustee
400 Tuscarawas Street W
Canton, OH 44702